UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60781-CIV-SINGHAL

YOEL ACOSTA GONZALEZ,

      Petitioner,

v.

KRISTI NOEM, in her official capacity as
Secretary of the Department of Homeland
Security, *et al.*,

      Respondents.

_____/

## ORDER

**CHARACTERISTIC** of the undersigned's upbringing, surrounded by law-abiding immigrants who left oppressive conditions in search of a rule-following citizenry in a country that offered a better life, there was one maxim that rang true above all others.  One respected and followed his parents even when they were wrong.

Today that same principle applies with the concept of vertical precedent.  Despite the superior, well thought out plain meaning analysis of the dissenting judge in *Hernandez Alvarez v. Warden, Federal Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026) (Lagoa, J.), this Court is duty bound to follow the majority opinion authored by its parent court.  The Eleventh Circuit ruled that aliens who are detained within the country, rather than upon arrival at the border, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) but are instead entitled to a bond hearing under 8 U.S.C. § 1226.  Because § 1225(b)(2)(A) by its plain language applies to non-admitted aliens who are inspected in the interior, the rule created in *Hernandez Alvarez* should not have come from any court but instead from Congress.  It is Congress who is empowered to

enact this country's immigration laws, and Congress saw fit to fashion a mandatory detention scheme in § 1225(b)(2) and a more flexible scheme permitting detention, bond, or parole under § 1226(a).  In this Court's view, *Hernandez Alvarez* effectively dismantles that scheme contrary to congressional will.  That the Executive branch proceeded against aliens subject to § 1225(b)(2)'s mandatory detention scheme pursuant to § 1226(a) for nearly 30 years demonstrates only the Executive's discretion in enforcement, not § 1225(b)(2)'s inapplicability.   Executive memoranda indicates that decision was a conscious choice.  *See* 62 Fed. Reg. 10312, 10323 (March 6, 1997) ("*Despite being applicants for admission*, aliens who are present without having been admitted or paroled (formerly referred to as aliens who entered without inspection) *will be eligible for bond and bond redetermination.*") (emphasis added).   Accordingly, in this Court's view, *Hernandez Alvarez* interprets sections 1225(b)(2)(A) and 1226(a) in a way that effectively eliminates one of the two congressionally authorized means of removing aliens who are unlawfully present in the  United States.  The result is both damage to the political will as expressed by Congress and also to the Executive's prerogative in choosing between multiple lawful means to achieve a common end.  While the insistence of courts to do Congress's work has historically resulted in consequences damaging to the country, inferior courts must follow their appellate authorities—right or wrong.  Consequently, this Court faithfully applies binding precedent as expressed in *Hernandez Alvarez*.

In this case, the Court ruled against Petitioner nearly one month ago.  Now, Petitioner has filed a Motion to Alter or Amend Judgment and/or for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (DE [16]), requesting that this Court amend its Order Denying Habeas (DE [14]), entered on April 20, 2026, due to an intervening change in controlling law, specifically the Eleventh Circuit's *Hernandez*

*Alvarez* decision.  Petitioner's Motion is well-taken.

Courts maintain authority and jurisdiction to grant writs of habeas corpus when aliens are unlawfully held in immigration detention.   *See* 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).   Under Eleventh Circuit precedent, Petitioner alleges he is being held in violation of the Immigration and Nationality Act.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Respondents shall either:

1. File a notice with the Court by **May 26, 2026,** that the government provided Petitioner an individualized bond hearing; or

2. Respond to the Petition for Writ of Habeas Corpus explaining why Petitioner is not entitled to a bond hearing under *Hernandez Alvarez* by **May 26, 2026.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 19th day of May 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF