UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60781-CIV-SINGHAL

YOEL ACOSTA GONZALEZ,

      Petitioner,

v.

KRISTI NOEM, in her official capacity as
Secretary of the Department of Homeland
Security, *et al.*,

      Respondents.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court on Petitioner's Motion for Reconsideration (DE [16]) (the "Motion") of this Court's Order (DE [14]) denying his Petition for a Writ of Habeas Corpus. On May 18, 2026, Petitioner requested that this Court reconsider its Order in light of the Eleventh Circuit's recent decision in *Hernandez Alvarez v. Warden, Federal Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026). In that case, the court held that aliens who are detained within the country, rather than upon arrival at the border, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) but are instead entitled to a bond hearing under 8 U.S.C. § 1226. Despite this Court's disagreement with the Eleventh Circuit's statutory analysis, it readily acknowledged that it is bound by that ruling. (DE [17]). Accordingly, the Court ordered the government to provide Petitioner with an individualized bond hearing or, in the alternative, explain to the Court why such a hearing is not required. *Id.*

As it turns out, the government pursued a middle ground between these two alternatives. Respondents conceded that the Eleventh Circuit's decision in *Hernandez*

*Alvarez* is binding on the immigration courts and BIA and therefore agreed that Petitioner is entitled to an individualized bond hearing. (DE [18]). But, Respondents noted, Petitioner had not yet requested a bond hearing before an Immigration Judge. Thus, Respondents contend that habeas relief is premature as Petitioner has not exhausted his administrative remedies. *Id.*

In his reply, Petitioner acknowledged that he has since been granted a custody redetermination hearing, which is scheduled for June 1, 2026, at 1:00 P.M. (DE [20-1]). Based on the Eleventh Circuit's ruling in *Hernandez* Alvarez, that is the relief to which he is entitled. Nevertheless, Petitioner believes that habeas relief is still necessary because "there is no guarantee that the immigration judge will hear his request since *Matter of Yajure Hurtado* is still in effect." (DE [20] p. 4). In support, Petitioner cites cases in which the Sixth and Eleventh Circuits found that the BIA failed to apply binding circuit court precedent. *See Arangure v. Whitaker*, 911 F.3d 333 (6th Cir. 2018); *Martinez-Rios v. U.S. Att'y Gen.*, 2023 WL 5603211 (11th Cir. Aug. 30, 2023).

It is true that exhaustion of administrative remedies is a prudential requirement, and it is "well-established that 'exhaustion is not required where no genuine opportunity for adequate relief exists…or an administrative appeal would be futile[.]'" *Abalos v. Warden*, 2026 WL 1145601, at *3 (S.D. Fla. Apr. 28, 2026) (quoting *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982)). And Petitioner is certainly correct that, prior to *Hernandez Alvarez*, immigration judges routinely held that they lacked jurisdiction to grant bond based on the BIA's decision in *Matter of Yajure Hurtado. See, e.g.*, *Morales v. Noem,* 818 F. Supp. 3d 1346, 1351 (S.D. Fla. 2026). But Petitioner's speculation that the Immigration Judge in his upcoming bond hearing will not apply binding circuit court precedent falls far short of rendering his appeal futile. On May 26, 2026, this Court

ordered the government to provide Petitioner with an individualized bond hearing. (DE [17]). The record makes clear that Petitioner will soon be afforded that relief. (DE [20-1]).

Therefore, to the extent Petitioner's Motion requests a properly noticed bond hearing, that issue is now moot. To the extent the Motion seeks Petitioner's immediate release based on speculation that the Immigration Judge will not apply the law, that issue is far from ripe. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Petitioner's Motion for Reconsideration (DE [16]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 28th day of May 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

3